UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

JASON SHERMAN,

                      Plaintiff,

         v.

KENNETH CLARK,

                      Defendant.
_____

DECISION & ORDER

11-CV-6277G

Jason Sherman ("Sherman") filed this action *pro se* against defendant, Kenneth Clark ("Clark"), asserting that Clark violated his rights through the use of excessive force. (Docket # 8). Sherman also claims that following the incident he was denied medical treatment and meals. (*Id.*). Currently pending before this Court is Sherman's motion to compel and for reimbursement of expenses incurred in connection with the motion.[1] (Docket # 29).

Sherman seeks an order compelling Clark to respond to Plaintiff's First Set of Interrogatories and Plaintiff's First Request for Production of Documents. (Docket ## 25, 29). Sherman served both discovery requests on September 17, 2012 (Docket # 25) and later amended his interrogatories by letter dated October 5, 2012 (Docket # 28). Clark opposes the motion on the grounds that it is premature and, in any event, is now moot because Clark has responded to

---

[1] Sherman also moves pursuant to Federal Rule of Civil Procedure 56(f) for an order "granting petitioner the permission to write to the witnesses so petitioner can get declarations from them with an original signature and not a computer typed up name and a statement to use." Although Sherman's request is less than clear, the Court assumes that Sherman is referring to the declarations submitted in support of Clark's motion for summary judgment. (Docket # 26). As an initial matter, the Administrative Procedures Guide for the Western District of New York provides for the filing and service of documents with electronic "s/" signatures. *See* Western District of New York Administrative Procedures Guide § 2(g). In any event, Rule 56(f) does not authorize the relief that Sherman seeks and that portion of his motion is therefore denied.

Sherman's discovery requests. (Docket # 33). In addition, Clark contends that Sherman failed to confer with him prior to filing the motion to compel. (*Id.* at ¶ 7).

Rules 33(b)(2) and 34(b)(2)(a) of the Federal Rules of Civil Procedure provide that responses to discovery requests must be provided within 30 days of service. Fed. R. Civ. P. 33(b)(2) and 34(b)(2)(a). According to the affidavits of service, Sherman's motion was served on October 12, 2012, less than 30 days after Sherman served his discovery requests. (*Compare* Docket # 25 at 9 *with* Docket # 29 at 2). In any event, by October 26, 2012, Clark had responded to both Sherman's document requests and his interrogatories. (Docket ## 30-31). Accordingly, Sherman's motion to compel is denied as moot.

With respect to Sherman's request for reimbursement of his reasonable expenses, I conclude that an award of expenses is not warranted because Sherman's motion to compel was premature and because Sherman made no attempt to resolve the discovery dispute with Clark prior to filing the pending motion. Fed. R. Civ. P. 37(a)(5)(A)(i) ("court must not order [the] payment [of expenses] if . . . the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action").

## **CONCLUSION**

Accordingly, Sherman's motion to compel and for reimbursement of expenses (**Docket # 29**) is **DENIED**.

 **IT IS SO ORDERED.**

<i>s/Marian W. Payson</i>
MARIAN W. PAYSON
United States Magistrate Judge

Dated:  Rochester, New York
       May   28   , 2013