UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JASON SHERMAN,

                    Plaintiff,

                                                  Case # 11-CV-6277-FPG

v.

                                                  DECISION & ORDER

CORRECTION OFFICER KENNETH CLARK,

                    Defendant.

      Plaintiff Jason Sherman has requested an extension of 120 days to respond to Defendant's motion for summary judgment, and has also requested that the Court appoint counsel to represent him in this action. Dkt. # 41.

      Plaintiff's request for a 120 day extension is denied. The pending summary judgment motion was filed on October 3, 2012, some ten months ago. While Plaintiff has already had ample time to prepare his response, I will grant him a final extension of 30 days from today to file his response. Plaintiff must respond to Defendant's Motion for Summary Judgment by no later than September 6, 2013. Since Plaintiff will have had approximately eleven months to respond to the Summary Judgment Motion, no further extensions of this deadline will be granted. If Plaintiff fails to respond by September 6, 2013, the Court will determine the motion on the basis of Defendant's submissions.

      Plaintiff also requests that the Court appoint counsel to represent him in this matter. Plaintiff has previously requested the appointment of counsel, claiming that he was "illiterate of the law." Dkt. # 35. That request was denied by Decision and Order dated December 4, 2012. Dkt. # 36. Rather than claiming to be illiterate of the law, Plaintiff now claims that he is "illiterate only having a 6th grade reading level and 5th grade math level." Dkt. # 41.

      There is no constitutional right to appointed counsel in civil cases. Under 28 U.S.C. § 1915(e), the Court may appoint counsel to assist indigent litigants. *See, e.g., Sears, Roebuck &*

*Co. v. Charles Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988). The assignment of counsel in civil cases is within the trial Court's discretion. *In re Martin-Trigona*, 737 F.2d 1254 (2d Cir. 1984). In determining whether to assign counsel, the Court considers several factors, including whether the indigent's claims seem likely to be of substance; whether the indigent is able to investigate the facts concerning his claim; whether the legal issues are complex; and whether there are special reasons why the appointment of counsel would be more likely to lead to a just determination. *See Hendricks v. Coughlin*, 114 F.3 390, 392 (2d Cir. 1997); *Hodge v. Police Officers,* 802 F.2d 58 (2d Cir. 1986).

After considering these factors, I find that the appointment of counsel is not warranted in this case. The gist of Plaintiff's claims is that he was assaulted by Defendant, and that he was denied meals. The claims presented are not complex, and Plaintiff's prior submissions demonstrate that he is capable of presenting his claims. In addition, there are no special reasons that would favor the appointment of counsel. While Plaintiff now claims to be illiterate, his claim is contradicted by the record, including his prior statement in this case. It is Plaintiff's responsibility to either retain counsel, or to press forward with this action pro se.

To summarize, Plaintiff's motion for an extension of time is granted in part, and his response to Defendant's summary judgment motion must be filed no later than September 6, 2013. No extensions of this deadline will be granted. Plaintiff's request for the appointment of counsel is denied.

IT IS SO ORDERED.

DATED:     Rochester, New York
           August 6, 2013

_____
HON. FRANK P. GERACI, JR.
United States District Judge