UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JASON SHERMAN,

Plaintiff,

Case # 11-CV-6277-FPG

v.

DECISION AND ORDER

C.O. KEVIN CLARK,

Defendant.

After a trial in which the jury found no cause of action against Correctional Officer Kevin Clark, the Defendant's counsel submitted a Bill of Costs seeking to have certain costs taxed against the Plaintiff. For the following reasons, I find that (1) mileage expenses requested by Defendant's counsel are not permissible, and are therefore disallowed, and (2) the costs for the production of transcripts are proper, and are therefore taxable.

## DISCUSSION

The default rule in this circuit regarding the award of costs is that "[a]s a general matter, costs – other than attorney's fees – should be allowed to the prevailing party. Fed. R. Civ. P. 54(d)(1). The Rule codifies a venerable presumption that prevailing parties are entitled to costs." *Carter v. Incorporated Village of Ocean Beach*, 759 F.3d 159, 163 (2d Cir. 2014), quoting *Marx v. Gen. Revenue Corp.*, --- U.S. ----, 133 S. Ct. 1166, 1172 (2013) (internal quotation marks omitted). Further, "the decision to award costs under Rule 54(d)(1) is committed to the sound discretion of the district court." *Carter*, 759 F.3d at 164 (internal quotation and citation omitted). However, the ability to tax costs is not unlimited, and district courts are limited in awarding costs to those specifically authorized by statute. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 438 (1987). Where a bill of costs is challenged, the reviewing district court exercises

discretion and "decide[s] the cost question [it]self." *Whitfield v. Scully,* 241 F.3d 264, 269 (2d

Cir. 2001) (internal quotation marks and citation omitted).

The primary statute governing the award of costs, 28 U.S.C. § 1920, provides that:

> A judge or clerk of any court of the United States may tax as costs
> the following:
> (1) Fees of the clerk and marshal;
> (2) Fees of the court reporter for all or any part of the stenographic
> transcript necessarily obtained for use in the case;
> (3) Fees and disbursement for printing and witnesses;
> (4) Fees for exemplification and copies of papers necessarily
> obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of
> interpreters, and salaries, fees, expenses, and costs of special
> interpretation services under section 1828 of this title.

It is undisputed that the Defendant is the prevailing party in this action. However, the

Plaintiff argues that the costs requested by the Defendant are not appropriately taxed against him.

The Bill of Costs submitted by the Defendant on January 15, 2015 sought to have taxed

(1) the sum of $633.75 that was paid to U.S. Legal Support, who produced the transcript of the

Plaintiff's deposition on July 17, 2012, and (2) the sum of $293.80 in mileage expenses related to

Plaintiff's witness William Brabham. ECF No. 66. The Plaintiff filed his Objection to these

costs on February 19, 2015, in which he argued that an award of costs would be inappropriate,

essentially because the Defendant did not alert him to the possibility of being taxed for costs if

he did not prevail. ECF No. 67. On March 25, 2015, the Clerk of the Court taxed costs against

the Plaintiff in the requested amount of $927.55, ECF No. 69, and on April 20, 2015, the

Plaintiff again objected to costs being taxed against him, arguing that his case had merit in that it

survived the Defendant's Summary Judgment Motion, and also arguing that the taxation of costs

was within the Court's discretion. ECF No. 70.

Regarding the $633.75 requested for taking the Plaintiff's deposition, pursuant to 28

U.S.C. § 1920(3), deposition expenses may be recovered if reasonably necessary at the time they

were taken. *See Health–Chem Corp. v. Hyman*, 523 F. Supp. 27, 33 (S.D.N.Y. 1981). I have no trouble finding that taking the Plaintiff's deposition in this case was necessary and within the bounds of discovery, and the Plaintiff's Objection to the $633.75 in deposition costs is overruled. The Clerk's taxation of $633.75 against the Plaintiff shall stand.

I reach a different conclusion regarding the $293.80 in mileage expenses related to Plaintiff's witness William Brabham. At the time of trial, Brabham was an inmate in the custody of the New York Department of Corrections and Community Supervision ("DOCCS"), and was produced before the Court pursuant to a Writ of Habeas Corpus Ad Testificandum. To execute that Writ, DOCCS staff transported Brabham from his place of incarceration, and the current Bill of Costs seeks reimbursement for the mileage expenses of the DOCCS transport. I reject taxing these costs for several reasons.

First, DOCCS is not a Defendant in this case, so they have no standing to request the taxation of costs they may have incurred. Second, while it is true that the Defendant is employed by DOCCS, that employment does not give him the ability or authority to request costs incurred by his employer. But more fundamentally, the Supreme Court has held that "absent explicit statutory or contractual authorization for the taxation of the expenses of a litigant's witness as costs, federal courts are bound by the limitations set out in 28 U.S.C. § 1821 and § 1920." *Crawford Fitting Co.*, 482 U.S. at 445. While three different provisions – Rule 54(d), 28 U.S.C. § 1821, and 28 U.S.C. § 1920 – all govern the award of costs, the Supreme Court has instructed that they must all be read in conjunction with each other. *Crawford Fitting Co.,* 482 U.S. at 441. ("The logical conclusion from the language and interrelation of these provisions is that § 1821 specifies the amount of the fee that must be tendered to a witness, § 1920 provides that the fee may be taxed as a cost, and Rule 54(d) provides that the cost shall be taxed against the losing party unless the court otherwise directs.")

With 28 U.S.C. § 1821 added into the mix, it is clear that the Defendant (or non-party DOCCS) may not recover the expenses of transporting inmate witness Brabham.   Section 1821(a)(1) provides that any witness "fees or allowances" due under this section "shall be paid" to that witness.   Of course, inmate Brabham was not paid for DOCCS' actions of transporting him to Court, nor should they have, since Section 1821(f) provides that "any witness who is incarcerated at the time that his or her testimony is given [with an exception that does not apply here] may not receive fees or allowances under this section, regardless of whether such a witness is incarcerated at the time he or she makes a claim for fees or allowances under this section." Since no fees or costs were due under Section 1821, they are inappropriate costs under Section 1920, and therefore not taxable under Rule 54(d).   The Plaintiff's Objections to these costs is sustained, and the Clerk's decision taxing $293.80 for witness expenses against the Plaintiff is hereby vacated.

### CONCLUSION

For all of the foregoing reasons, the Plaintiff's Objections to the Clerk's decision to tax costs is sustained in part, and overruled in part.   The Clerk's decision to tax costs against the Plaintiff in the amount of $293.80 for witness transportation expenses is hereby vacated, and the Clerk's award of costs is otherwise affirmed.   The total amount of costs to be taxed against the Plaintiff is $633.75 for deposition fees, as was awarded in the Clerk's prior decision.

IT IS SO ORDERED.

Dated: June 16, 2015
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court